## THE MATTERHORN.

### (Circuit Court of Appeals, Ninth Circuit. March 7, 1904.)

### No. 968.

1. ADMIRALTY—PROVING LAW OF FOREIGN COUNTRY.

Where the maritime law of a foreign country, which is different from our own, is relied upon to defeat an action, it must be both alleged and proved.

2. SEAMAN—INJURY IN SERVICE—LIABILITY OF SHIP FOR NEGLECT TO FURNISH CARE AND TREATMENT.

Under the maritime law of the United States a suit may be maintained by a seaman against the ship to recover damages for the neglect of the master to furnish him proper care and medical attendance after he was injured by being assaulted by the master.

Appeal from the District Court of the United States for the District of Oregon.

The appellee, a subject of the kingdom of Norway and Sweden, was an able-bodied seaman on the ship Matterhorn, having shipped at Hamburg for a voyage therefrom to Portland, Or., and other ports. He filed his libel alleging that while on the voyage he was beaten and kicked by the master for failure to respond to a signal to go aft; that he was seriously injured and ruptured by the assault; that the master failed to furnish him medical care or attendance, but compelled him to perform his usual duties, whereby his injury was greatly aggravated and rendered more difficult to cure; and that by the negligence of the master as aforesaid he has become permanently disabled. The answer denied all of these allegations of negligence and maltreatment, but it admitted that on account of the failure of the appellee to obey a signal to go aft the master, while under great provocation, struck him once

upon the face. The answer then proceeded to allege "that the ship flies the British flag, and·is ·owned wholly by British subjects, and that the act of the master, as aforesaid, was permissible under British law." The court found upon the evidence that the master assaulted the appellee, threw him upon the deck, and with force kicked him in the lower portion of the abdomen so that he .was badly and permanently ruptured; that thereafter the master failed and neglected to properly care for him, or provide him with proper treatment and attendance, and, with the exception of a few days, compelled him to perform the usual duties of an able-bodied seaman; and that by reason of such ·neglect the appellee was damaged in the sum of $500, which sum was decreed to be a lien on the ship.

Williams, Wood & Linthicum, for appellants.
V. K. Strode, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Much of the discussion on the appeal relates to the appellants' contention that by the law of Great Britain the ship was under no obligation to care for or cure a seaman injured in her service, and was not subject to a lien for damages resulting from the master's neglect to furnish such care or medical attendance. We find it unnecessary to consider this question, for the reason that the British law upon the subject is neither pleaded nor proven. It is not even shown that the Matterhorn is a British ship. The answer, it is true, alleged that she flies the British flag, and is owned by British subjects, but no proof whatever was offered to sustain that averment, nor is there anything in the evidence tending to show that it was true, except that one of the witnesses for the appellee, who was also a member of the crew, was on cross-examination asked the question if he had ever before sailed in a British ship. But, if such proof had been made, it would not have dispensed with the observance of the rule that, where reliance ·is placed on a foreign law different from our own, it must be alleged and proven. The Montana (C. C.) 22 Fed. 728; Liverpool Steam Co. v. Phœnix Ins. Co., 129 U. S. 445, 446, 9 Sup. Ct. 469, 32 L. Ed. 788. It is true that the appellants introduced in evidence the British merchants shipping act of 1894, but no particular portion of it was either designated or embodied in the record, nor is there anything to show that it was offered for any purpose, except to sustain the only allegation of the answer referring to it—that the violent act of the master was permissible under its provisions.

The contention is made that by the decision in the case of The Osceola, 189 U. S. 158,· 23 Sup. Ct. 433, 47 L. Ed. 760, the Supreme Court has undermined the doctrine that a ship is subject to a lien for damages for neglect of her master to furnish proper care and medical attendance to a seaman injured in her service. Our views concerning that contention have been expressed in the case of The Troop (decided at the present term) 128 Fed. 856, and we find it unnecessary to add to what is there said.

Nor do we find ground for disturbing the findings of fact of the District Court, before whom the greater portion of the testimony was taken.. They were findings made upon conflicting evidence, and will

not be reviewed in this court unless they are clearly shown to have been wrong. Jacobsen v. Lewis Klondike Expedition Co., 112 Fed. 73, 50 C. C. A. 126, and cases there cited.

The decree of the District Court is affirmed.